RUBY SHIPPING CO., Limited, et al. v. CITY OF MIAMI et al.

## THE TEAL.

### No. 241–M.

District Court, S. D. Florida, Miami Division.

March 26, 1941.

Blackwell & Walker, of Miami, Fla., for libelants.

Lewis Twyman, City Atty., and Eldon L. Boyce, both of Miami, Fla., for respondents.

Findings of Fact and Conclusions of Law

HOLLAND, District Judge.

This suit is brought by the libelants as a result of a collision of the schooner Josephine Winsatt with the Flagler Street Bridge in the City of Miami, Florida, which occurred on the morning of June 23, 1939.

### Findings of Fact

From the several hearings had herein and the testimony of the witnesses on behalf of the parties, libelants and respondents, the following facts appear:

I. That the libelants hired the respondent, Dann Towing Company, to tow the Josephine Winsatt up the Miami River on the 23rd day of June, 1939, and that the

respondent did on said date, with the tug-boat, the Teal, commence said towing by towing the schooner, Josephine Winsatt, astern with a hawser about forty (40) feet in length.

II. That before reaching the Flagler Street Bridge, the said vessel was safely towed through other bridges of similar character and that upon reaching the Flagler Street Bridge, the captain of the tugboat gave the usual and customary signal for the opening of the bridge and that the bridge was opened, and during the course of the passage through said bridge, the fore-mast and main-mast passed through the said Flagler Street Bridge safely, and that the aft-mast of said vessel caught on the bascule of said bridge and was caused to be broken and torn down.

III. That at the time of the said accident, the tide in the Miami River was ebbing.

IV. That the vessel, Josephine Winsatt, was being towed by the respondent, Dann Towing Company, in a safe and customary manner, and the way she was being towed was in a safe method of towing.

V. That the Josephine Winsatt was being towed by the Dann Towing Company at a reasonable rate of speed by a bridle hawser forty (40) feet in length which was customary in good nautical experience and seamanship.

## Discussion

 The towing of the Josephine Winsatt by hawser bridle of the length used in this case was not negligent towing. And further, from the evidence, I find that there was no contract by the respondent, Dann Towing Company, to assume all risks of towing by bridle and hawser. And, even though the libelants' evidence on this phase of the case was accepted, the negligent operation of the Josephine Winsatt would defeat recovery. The testimony of the various witnesses as to what happened as the Josephine Winsatt was passing under the Flagler Street Bridge has to be studied very carefully so as to determine just what did happen. I find that the son of Captain Wrightson who was at the wheel of the Josephine Winsatt had the wheel to the starboard, or the right, which would have the tendency to throw the stern of the Josephine Winsatt to the left. Good seamanship called for the Josephine Winsatt to follow the Teal, and allow the Teal's captain to maneuver the tow through and under this Flagler Street Bridge. Not only was the wheel to starboard, but the helmsman turned the wheel four strokes to the left, or port, which would have a tendency to slightly throw the stern of the Josephine Winsatt to the right, and away from the west side of the Bridge. But on the order of Captain Wrightson, Sr., the wheel was thrown hard to starboard which would cause the stern of the Josephine Winsatt to go to the left and move in to the bridge which caused the damage. When the Captain of the Teal endeavored to straighten up the course, or to the left, after the Teal had passed under the Bridge, the Winsatt did not follow the tug as was to be expected, and as the Teal's Captain had the right to expect. With the rudder of the Winsatt to the right, the tendency of the stern of the Winsatt was to the left and into the Bridge. This operation of the Winsatt, I find, was the cause of the accident and damage to the Winsatt and to her Captain. Neither the Teal nor the City were negligent.

Old terms of operations growing out of the use of a tiller, and new terms when the present wheel is used, are confusing, but under the evidence I find as above discussed. Under the old terms a pulling of the tiller to hard starboard, or the right, would throw the rudder to the left, which of course would throw the stern to the right and the bow of the vessel to the left. With the new terms, turning of the wheel to the starboard, or the right, throws the rudder to the right, with a consequent turning of the stern to the left, and the bow to the right.

## Conclusions of Law

The libel should be dismissed.

A decree should be submitted in accordance with these findings.